## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE STEFANOWICZ, | CIVIL ACTION NO.   3:16-cv-00368 |
| Plaintiff, | |
| v. | (CAPUTO, J.) |
| | (SAPORITO, M.J.) |
| SUNTRUST MORTGAGE, et al., | |
| Defendants. | |

## <u>REPORT AND RECOMMENDATION</u>

This consolidated civil action was initiated by the plaintiff's filing of two *pro se* complaints on March 1, 2016. The two complaints, both styled *Stefanowicz v. SunTrust Mortgage and Specialized Loan Servicing*, were docketed by the Clerk under Civil Action No. 3:16-cv-00368 ("Case No. 368") and Civil Action No. 3:16-cv-00374 ("Case No. 374"). Both complaints concerned the very same three parties: plaintiff Jackie Stefanowicz and defendants SunTrust Mortgage ("SunTrust") and Specialized Loan Servicing ("SLS"), and both concerned claims involving the origination and servicing of the very same mortgage loan on the same home located at 311 New Street in Duryea, Pennsylvania. (Case No. 368, Doc. 1; Case No. 374, Doc. 1). Between them, the two complaints asserted that the defendants had violated the Truth in Lending Act ("TILA"), the Home Ownership and

Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Housing Act ("FHA"), and the Equal Credit Opportunity Act ("ECOA").

In both cases, Stefanowicz applied for and was granted leave to proceed *in forma pauperis*. (Case No. 368, Docs. 2, 5; Case No. 374, Docs. 2, 5). In both cases, process was served on the defendants and they moved to dismiss. (Case No. 368, Docs. 13, 22; Case No. 374, Docs. 9, 15). Contemporaneous with this report and recommendation, we have entered an order consolidating the two actions, streamlining this litigation and permitting the comprehensive disposition of the plaintiff's claims against these two defendants in a single proceeding.

## I.   LEGAL STANDARDS

### A. Rule 12(b)(6) Dismissal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren*

*Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well

as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]

## B. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915(e)(2), an *in forma pauperis* action may be

---

[1] In addition to the complaints filed by the plaintiff in these consolidated actions, the Court has considered the publicly recorded mortgage (Case No. 368, Doc. 14-1; Case No. 368, Doc. 23-3; Case No. 374, Doc. 11-1; Case No. 374, Doc. 16-3) and assignment of mortgage (Case No. 368, Doc. 14-2) related to the property at 311 New Street, Duryea, Pennsylvania, as well as the complaint (Case No. 368, Doc. 23-7), report and recommendation (Case No. 368, Doc. 23-8), and memorandum order (Case No. 368, Doc. 23-9) filed in an earlier civil action brought by this same plaintiff before this court styled *Stefanowicz v. SunTrust Mortgage*, Case No. 3:10-cv-01321 (M.D. Pa. filed June 25, 2010). The publicly recorded mortgage and assignment of mortgage constitute public records of which this court may take judicial notice in ruling on a motion to dismiss. *See* Fed. R. Evid. 201; *Gagliardi v. Kratzenberg*, 188 Fed. App'x 86, 88 n.3 (3d Cir. 2006) (per curiam); *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1263–64 (C.D. Cal. 2010). A court may also properly take judicial notice of its own records in other cases. *See* Fed. R. Evid. 201; *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 498–99 (3d Cir. 1997); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Both sides have submitted various other documents in support of their respective positions—for example, the defendants have both submitted a "notice of servicing transfer" mailed to the plaintiff but not publicly recorded, and the plaintiff has submitted copies of correspondence mailed to SunTrust but not publicly recorded. But these other materials submitted by the parties are excluded by the court and have not been considered in this recommended disposition of the instant motions for dismissal. *See generally* Fed. R. Civ. P. 12(d).

dismissed *sua sponte* as frivolous or malicious, for failure to state a claim, or for seeking monetary relief against an immune defendant "at any time," before or after service of process. *See* 28 U.S.C. § 1915(e)(2); *Walker v. Sec. Office of SCI Coal Twp.*, Civil No. 3:CV-08-1573, 2010 WL 1177338, at *4 (M.D. Pa. Mar. 25, 2010). This statute requires the Court to dismiss an *in forma pauperis* action if it is "frivolous or malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Thomas v. Barker*, 371 F. Supp. 2d 636, 639 (M.D. Pa. 2005). To determine whether it is frivolous, a court must assess a complaint "from an objective standpoint in order to determine whether the claim is based on an indisputably meritless legal theory or clearly baseless factual contention." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)); *Thomas*, 371 F. Supp. 2d at 639. Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional." *See Denton*, 504 U.S. at 32–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially

noticeable facts available to contradict them." *Id.* at 33. A district court is further permitted, in its sound discretion, to dismiss a claim "if it determines that the claim is of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch*, 67 F.3d at 1089.

An action is malicious when it evidences subjective intent by the plaintiff at the time of filing "to vex, injure or harass the defendant." *Id.* at 1086; *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995). "A complaint is 'malicious' when it contains allegations which the plaintiff knows to be false, it is part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language." *Trader v. R.S.*, Civil Action No. 11-0039, 2011 WL 1666931, at *2 (E.D. Pa. May 2, 2011); *see also Abdul-Akbar*, 910 F. Supp. at 999.

## II.   FACTUAL BACKGROUND

On February 9, 2007, Stefanowicz took out a mortgage from SunTrust on a home located at 311 New Street, Duryea, Pennsylvania. The mortgage instrument was duly recorded in the Luzerne County Recorder of Deeds Office on April 9, 2007.

On June 25, 2010, Stefanowicz filed the complaint in *Stefanowitz v. SunTrust Mortgage, Inc.*, Civil Action No. 3:10-cv-01321 (M.D. Pa.). In that

action, she made substantially similar factual allegations regarding the origination and servicing of her mortgage loan. On April 27, 2011, a magistrate judge entered a report and recommendation in which he liberally construed Stefanowicz's *pro se* complaint as asserting federal claims under TILA, the Home Mortgage Disclosure Act ("HMDA"), and the Fair Credit Reporting Act ("FCRA"). The magistrate judge recommended that the TILA claim be dismissed as time-barred under the applicable statute of limitations, the FCRA claim be dismissed for failure to state a claim upon which relief can be granted, and the HMDA and any state-law claims be dismissed for lack of federal subject matter jurisdiction. On July 20, 2011, the presiding district judge adopted the magistrate judge's report and recommendation over Stefanowicz's objections and dismissed the action.

On January 5, 2015, SunTrust assigned the mortgage to SLS. The assignment instrument was duly recorded in the Luzerne County Recorder of Deeds Office on January 26, 2015.

On March 1, 2016, Stefanowicz filed two separate complaints, which were docketed by the Clerk as separate cases. Both complaints named SunTrust and SLS as defendants, and both concerned the origination and

servicing of the mortgage on the home at 311 New Street, Duryea, Pennsylvania. As noted above, we have exercised our discretion to consolidate the two actions pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure.

In the Case No. 368 complaint, Stefanowicz has asserted claims against the defendants under TILA, HOEPA, and RESPA, as well as state-law claims of predatory lending practices,[2] an unconscionable mortgage agreement,[3] intentional infliction of emotional distress, negligence, and unjust enrichment. In particular, she has alleged that the defendants failed to cooperate in her efforts to secure a loan modification or to extend a forbearance agreement, that they failed to properly credit her escrow account for expenses she paid directly, and that they have reported inaccurate credit information about her to national credit bureaus.

In the Case No. 374 complaint, Stefanowicz has alleged that this same conduct by the defendants constituted discrimination in violation of

---

[2] *See generally Sovereign Bank v. Gawron*, 13 Pa. D & C. 5th 71, 79 (Lackawanna Cty. C.C.P. 2010) (suggesting that such claims are grounded in the Pennsylvania Unfair Trade Practices and Consumer Protection Law).

[3] *See generally Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 127–28 (Pa. 2007) (discussing unconscionability as a defense to enforcement of an allegedly unfair contract).

the FHA and ECOA. In particular, she has alleged that the defendants discriminated against her due to her financial status (poverty), her familial status (a family with a child under the age of 18), her gender (female), her national origin (natural-born United States citizen), her race (Caucasian), her age (unspecified), and the fact that she is neither a military veteran nor disabled. In addition to the conduct described above, Stefanowicz has alleged that, on multiple occasions, she was forced to speak with someone at SunTrust who "could barely speak English."

Stefanowicz has alleged that, in August 2014, following a period of unemployment, she entered into a three-month forbearance agreement with SunTrust with the understanding that, if she continued to have financial difficulties, the forbearance period could be extended or her loan payment terms could be modified. She has alleged that when she later sought to obtain such additional relief from her mortgage payment obligations, SunTrust failed to return her telephone calls or, when she was able to speak with customer service representatives on the phone, to provide her with the forbearance or loan modification application forms she requested. After the mortgage loan was assigned to SLS, Stephanowicz entered into a three-month agreement with SLS under which she made

three payments of approximately $500 per month toward her mortgage loan arrears in September, October, and November 2015. When she attempted to contact SLS to extend this arrangement and obtain a new monthly payment amount, SLS failed to return her calls. Stefanowicz has alleged that, on multiple occasions, she returned home to find notices affixed to her front door advising her that someone had been on the property and directing her to contact SLS. Each time, she called SLS and left a voicemail message, apparently without any response from SLS.

In February 2016, when Stefanowicz investigated a possible refinance loan with another mortgage lender, she learned that her credit report indicated that her mortgage was approximately $1,000 past due, an allegedly inaccurate figure. In addition, on multiple, unspecified occasions, the defendants allegedly advised Stefanowicz's homeowner's insurance carrier that her home was unoccupied, which was untrue, potentially jeopardizing her ability to maintain insurance coverage as required by the mortgage agreement.

## III.   DISCUSSION

### A. TILA and HOEPA Claims

The defendants have moved to dismiss Stefanowicz's TILA and

HOEPA claims for failure to state a claim upon which relief can be

granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]

---

[4] Both statutes concern the disclosures provided by a mortgage lender at the time of a mortgage loan transaction. As our sister court has summarized:

> TILA seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." Its provisions impose certain duties on creditors. The statute itself defines "creditor" as referring only to "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." TILA has been amended to extend liability to assignees of the original creditor in certain situations. However, this provision applies "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." Section 1639(h) of HOEPA provides that "[a] creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." The provisions of HOEPA apply to a mortgage secured by the consumer's principal dwelling if, "the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities . . . or the total points and fees payable by the consumer at or before closing will exceed the greater of (i) 8 percent of the total loan amount; or (iii) $400."

*Permpoon v. Wells Fargo Bank Nat'l Ass'n*, No. 09-CV-01140-H (BLM), 2009 WL 3214321, at *8 (S.D. Cal. Sept. 29, 2009) (citations omitted, alterations and omissions in original). In addition to being barred by the
*(continued on next page)*

For the reasons set forth below, however, we recommend that these claims be dismissed as both frivolous and malicious because any claims arising under these statutes are barred by the doctrine of res judicata and by the applicable statutes of limitations and repose.

Stefanowicz's TILA and HOEPA claims concern the adequacy of disclosures made in connection with the origination of her mortgage loan in February 2007. Re-litigation of these claims is barred by the doctrine of res judicata. Under this doctrine, a claim is barred where three circumstances are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991).

With respect to the first factor, Stefanowicz's TILA claim in her 2010 *in forma pauperis* suit against SunTrust was dismissed on statute of limitations grounds. *See Stefanowicz v. SunTrust Mortgage*, Case No. 3:10-cv-01321 (M.D. Pa. dismissed July 20, 2011). (Case No. 368, Docs. 23-8, 23-

statute of limitations and precluded by res judicata, Stefanowicz has failed to plead facts about her loan (i.e., the interest rate at closing or the total points and fees paid at or before closing) necessary to establish that HOEPA applies to her mortgage loan.

9). "A dismissal on statute of limitations grounds is a dismissal on the merits for res judicata purposes." *Taggart v. Chase Bank USA, N.A.*, 375 Fed. App'x 266, 268 (3d Cir. 2010) (per curiam). Thus, the first *Lubrizol* factor has been satisfied in this case.

With respect to the second factor, SunTrust was the named defendant in the prior federal action before this Court, and as mortgage assignee, SLS is SunTrust's privy. *See Stefanowicz v. SunTrust Mortgage*, Case No. 3:10-cv-01321 (M.D. Pa. dismissed July 20, 2011). (Case No. 368, Docs. 23-8, 23-9). Moreover, under this factor, it is not necessary for the full roster of named defendants in each action to be identical. *See Coggins v. Carpenter*, 468 F. Supp. 270, 280 (E.D. Pa. 1979) ("Res judicata operates to bar a subsequent action . . . even though the subsequent action names fewer or more parties than the previous action."). Thus, the second *Lubrizol* factor has been satisfied in this case.

Finally, with respect to the third factor, in determining whether a subsequent suit concerns the same cause of action as an earlier one, the analysis does not rest on the specific legal theories invoked, but rather it turns on "the essential similarity of the underlying events giving rise to the various legal claims." *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d

Cir. 1982). In conducting this inquiry, the analysis focuses on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol*, 929 F.2d at 963 (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). Moreover, res judicata bars not only claims that were actually brought in the previous action, but also claims that, "although not litigated, *could have been raised* in the earlier proceeding." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (emphasis in original). In both her previous and present federal lawsuits, Stefanowicz has asserted federal claims concerning the adequacy of lender disclosures, arising out of the origination of her February 2007 mortgage loan. Thus, the third *Lubrizol* factor has been satisfied in this case.

Accordingly, having satisfied all three *Lubrizol* factors, Stefanowicz's TILA and HOEPA claims in this federal civil action are barred by the doctrine of res judicata. *In forma pauperis* claims barred by res judicata are properly dismissed as both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gibson v. Pa. Pub. Util. Comm'n*, No. 1:15-cv-00855, 2015 WL 3952777, at *4 (M.D. Pa. June 18, 2015).

Moreover, Stefanowicz's TILA and HOEPA claims are barred by the applicable statutes of limitations and repose. Claims for damages under TILA and HOEPA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); *Wise v. Mortg. Lenders Network USA, Inc.*, 420 F. Supp. 2d 389, 393 n.4 (E.D. Pa. 2006) ("HOEPA is an amendment to TILA and is therefore subject to the same statute of limitations."). Claims for rescission under TILA and HOEPA are subject to a three-year statute of repose. 15 U.S.C. § 1635(f); *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 505 (3d Cir. 1998).[5]

---

[5] The Supreme Court has recently described the distinction between statutes of limitations and statutes of repose: "Statutes of limitations . . . are subject to equitable tolling, a doctrine that pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. Statutes of repose, on the other hand, generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) (citations and internal quotation marks omitted).

This distinction stems from the differing purposes of statutes of limitations and statutes of repose: "Equitable tolling is applicable to statutes of limitations because their main thrust is to encourage the plaintiff to pursue his rights diligently, and when an extraordinary circumstance prevents him from bringing a timely action, the restriction imposed by the statute of limitations does not further the statute's purpose. But a statute of repose is a judgment that defendants should be free from liability after the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any

*(continued on next page)*

Under TILA and HOEPA, a creditor is required to make full disclosure prior to extension of credit; thus the limitations and repose periods begin to run upon consummation of the credit transaction. *See Ramadan*, 156 F.3d at 505; *Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1296 (3d Cir. 1978); *McMaster v. CIT Grp./Consumer Fin., Inc.*, No. Civil Action 04-339, 2006 WL 1314379, at *4 (E.D. Pa. May 11, 2006). Here, Stefanowicz entered into the mortgage loan agreement on February 9, 2007. She filed her complaint in this action on March 1, 2016, more than nine years later. Although the running of a statute of limitations or repose is an affirmative defense, which generally must be raised by way of answer to the complaint, *see* Fed. R. Civ. P. 8(c), where that defense is obvious on the face of the complaint and no development of the record is necessary, a court may *sua sponte* dismiss a time-barred complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Boatin v. Commw. Ct. of Pa.*, Civil Action No. 1:14-CV-1007, 2015 WL 1333320, at *2 (M.D. Pa. Mar. 25, 2015).

---

reason." *Id.* (citations, brackets, and internal question marks omitted).

The plaintiff has identified no grounds for equitable tolling here. But any right to rescind she might otherwise have has long since expired under the statute of repose in any event.

Accordingly, we recommend that the plaintiff's TILA and HOEPA claims be dismissed as frivolous and malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). In the alternative, these claims should be dismissed for failure to state a claim, without leave to file a curative amendment.

## B. RESPA Claim

The defendants have moved to dismiss Stefanowicz's RESPA claim for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Stefanowicz's RESPA claim concerns a failure by SunTrust and SLS to respond to her telephone calls. In both complaints, she has alleged that representatives of SunTrust and SLS repeatedly failed to return her telephone calls, or to follow through and mail requested forms when she did reach a live representative on the phone, and she has alleged that the defendants failed to properly credit her escrow account for expenses she paid herself.[6] These facts suggest an attempt to plead claims under 12

---

[6] To the extent the plaintiff intended to allege a violation of RESPA arising out of the origination of her mortgage loan in 2007, any such claims are barred by the applicable three-year statute of limitations, 12 U.S.C. § 2614, and by the doctrine of res judicata, as such claims could have been raised in her 2010 lawsuit.

Stefanowicz has not alleged any facts to suggest a RESPA claim
*(continued on next page)*

U.S.C. § 2605(e) (concerning a loan servicer's duty to respond to borrower inquiries) and 12 U.S.C. § 2605(g) (concerning the administration of escrow accounts). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants).

"The principal purpose of RESPA is to protect home buyers from material nondisclosures in settlement statements and abusive practices in the settlement process. By its terms, however, RESPA applies not only to the actual settlement process but also to the 'servicing' of any 'federally related mortgage loan.'" *Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, at *10 (E.D. Pa. May 2, 2000).

> RESPA imposes certain notice requirements on servicers of "federally related mortgage loans." One of these requirements is that a loan servicer must respond to a "qualified written request" from a borrower. A qualified

based on defective notice of the December 2014 transfer of loan servicing or January 2015 mortgage assignment from SunTrust to SLS, notwithstanding such a construction of the *pro se* complaints by the defendants. *See generally* 12 U.S.C. § 2605(b) (notices by transferor); *id.* § 2605(c) (notices by transferee). The defendants argue that any such claim arising out of transfer or assignment is time-barred. But the applicable limitations period for claims under § 2605 is *three-years*. *See* 12 U.S.C. § 2614. The one-year period referenced by the defendants applies only to claims under § 2607 (fee-splitting and kickbacks) and § 2608 (title insurance), neither of which is implicated by the facts alleged here.

> written request is "a written correspondence, other than
> notice on a payment coupon or other payment medium
> supplied by the servicer that—(i) includes, or otherwise
> enables the servicer to identify, the name and account of
> the borrower; and (ii) includes a statement of the reasons
> for the belief of the borrower, to the extent applicable,
> that the account is in error or provides sufficient detail to
> the servicer regarding other information sought by the
> borrower." The loan servicer must respond to a qualified
> written request within thirty days. Failure to respond
> makes the loan servicer liable to the borrower for each
> such failure in "an amount equal to the sum of—(A) any
> actual damages to the borrower as a result of the failure;
> and (B) any additional damages, as the court may allow,
> in the case of a pattern or practice of noncompliance with
> the requirements of [RESPA], in an amount not to exceed
> $2000."

*Andress v. Nationstar Mortg., LLC*, CIVIL ACTION NO. 15-1779, 2016 WL

75085, at *3 (E.D. Pa. Jan. 7, 2016) (citations omitted, alteration in

original); *see also* 12 U.S.C. § 2605(e). "However, alleging a breach of

RESPA duties alone does not state a claim under RESPA. Plaintiffs must,

at a minimum, also allege that the breach resulted in actual damages."

*Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. 2006).

Here, however, Stefanowicz has failed to allege that she sent either

SunTrust or SLS a qualified written statement at any point. The

complaints allege only that she made numerous telephone calls. Without a

qualified written statement, a servicer's obligation to respond under

§ 2605(e)(2) is not triggered, nor is the 60-day moratorium under § 2605(e)(3) against placing derogatory information on the borrower's credit report. *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680, 687 (7th Cir. 2011). Moreover, Stefanowicz has not alleged any actual damages that resulted from the alleged failure to respond to her inquiries. *See Hutchinson*, 410 F. Supp. 2d at 383; *Anderson v. Barclays Capital Real Estate, Inc.*, 2010 WL 2541807, at *6 (N.D. Ohio June 18, 2010).

We pause to note that the Consumer Financial Protection Bureau, the federal agency responsible for promulgating regulations implementing RESPA, has recently issued regulations requiring servicers to maintain policies and procedures for communications with delinquent borrowers, including telephone communications. *See* 12 C.F.R. § 1024.40. But this is an administrative regulation only; there is no private cause of action available to enforce § 1024.40. *Schmidt v. PennyMac Loan Servs., LLC*, 106 F. Supp. 3d 859, 867, 870 (E.D. Mich. 2015).

RESPA also requires servicers to make timely payment of taxes and insurance premiums if the mortgage agreement provides for an escrow account, and to refund any remaining balance to the borrower within twenty business days if the loan is paid off. 12 U.S.C. § 2605(g). But

Stefanowicz has not alleged any failure to timely pay such expenses from her escrow account, nor has she alleged a failure to timely refund any remaining balance after paying off her loan. Her claim with respect to the proper calculation of her escrow account balance does not fall within the scope of § 2605(g), and, as noted above, she has not alleged that she provided either SunTrust or SLS with a qualified written statement concerning the proper calculation of her escrow account.

Accordingly, we recommend that the plaintiff's RESPA claim be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## C. ECOA Claim

The defendants have moved to dismiss Stefanowicz's ECOA claim for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Stefanowicz's ECOA claim is based on the alleged failure of SunTrust and SLS to cooperate in her efforts to secure a loan modification or to extend a forbearance agreement.[7] In conclusory fashion, she has alleged

---

[7] To the extent the plaintiff intended to allege a violation of ECOA arising out of the origination of her mortgage loan in 2007, any such
*(continued on next page)*

that the defendants did so on the basis of her financial status (poverty),[8] her gender (female), her national origin (a natural-born United States citizen), her race (Caucasian), her age (unspecified), and the fact that she is neither a military veteran nor disabled.

"To establish a prima facie case under ECOA[,] a plaintiff must show that (1) plaintiff was a member of a protected class; (2) plaintiff applied for credit from defendants; (3) plaintiff was qualified for the credit; and (4) despite qualification, plaintiff was denied credit." *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n.5 (3d Cir. 2010) (brackets omitted). But, based on the allegations of her two *pro se* complaints, Stefanowicz was not an "applicant" within the plain meaning of the ECOA, and therefore cannot invoke the protections of the Act—any discrimination alleged occurred during the servicing of her *existing* loan. *See Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 592 F. Supp. 2d 283, 291 (N.D.N.Y. 2008).

claims are barred by the applicable five-year statute of limitations, 15 U.S.C. § 1691e(f), and by the doctrine of res judicata, as such claims could have been raised in her 2010 lawsuit.

[8] *See generally* 15 U.S.C. § 1691(a)(2) (including discrimination against applicants who receive income from a public assistance program within the scope of protected classes under the ECOA). Stefanowicz has not alleged that she has received such public assistance income, but only that her financial condition at the relevant time was one of "poverty").

It is also clear from the facts alleged that Stefanowicz was in default at the time of the alleged discrimination, under which circumstances the defendants' failure to allow her to modify her loan does not constitute a prohibited "adverse action" under the ECOA. *See* 15 U.S.C. § 1691(d)(6); *Molina v. Aurora Loan Servs., LLC*, 635 Fed App'x 618, 624 (3d Cir. 2015) (per curiam); *Gorham-DiMaggio*, 592 F. Supp. 2d at 291 n.6; *Ghaffari v. Wells Fargo Bank, N.A.*, 2014 WL 6606611, at *9 (M.D. Pa. Nov. 19, 2014), *aff'd per curiam*, 621 Fed. App'x 121 (3d Cir. 2015). Moreover, Stefanowicz has failed to allege that she was qualified for credit or that she was denied credit despite being qualified to receive it. *See Pettineo v. GE Money Bank*, Civil Action No. 10-2569, 2011 WL 93065, at *3 (E.D. Pa. Jan. 10, 2011). Nor has she plausibly alleged that the defendants declined to extend credit to her for any discriminatory reason. *See Shahin v. PNC Bank*, 625 Fed. App'x 68, 70–71 (3d Cir. 2015) (per curiam).

Accordingly, we recommend that the plaintiff's ECOA claim be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### D. FHA Claim

The defendants have moved to dismiss Stefanowicz's FHA claim for

failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Stefanowicz's FHA claim parallels her ECOA claim. She has alleged that SunTrust and SLS failed to cooperate in her efforts to secure a loan modification or to extend a forbearance agreement on the basis of her familial status (a family with a child under the age of 18),[9] her gender (female), her national origin (a natural-born United States citizen), her race (Caucasian), and her handicap status (not disabled).[10]

As the Third Circuit has summarized:

> The Fair Housing Act . . . prohibits any person or entity "whose business includes engaging in residential real estate-related transactions" to discriminate against any person "in making available such a transaction, or in the terms or conditions of such a transaction," due to that person's race, color, religion, sex, handicap, familial status, or national origin. The Act defines a "real estate-related transaction" to include the "making or purchasing of loans or providing other financial assistance" for purchasing or maintaining a dwelling, or where the loan

---

[9] *See generally* 42 U.S.C. § 3604(k) (defining "familial status" under the FHA); *Ewing Citizens for Civil Rights, Inc. v. Twp. of Ewing*, Civil Action No. 05-1620 (MLC), 2007 WL 2065832, at *5 (D.N.J. July 13, 2007).

[10] To the extent the plaintiff intended to allege a violation of FHA arising out of the origination of her mortgage loan in 2007, any such claims are barred by the applicable two-year statute of limitations, 42 U.S.C. § 3613, and by the doctrine of res judicata, as such claims could have been raised in her 2010 lawsuit.

>or financial assistance is secured by residential real
>property.

*Molina*, 635 Fed. App'x at 624 (quoting 42 U.S.C. § 3605) (citations

omitted). An effort to obtain a mortgage loan modification falls within the

ambit of "residential real estate-related transaction" under the FHA. *Id.* at

624–25.

To establish a *prima facie* case of discrimination under the FHA, a

plaintiff must allege that: (1) she is a member of a protected class; (2) she

attempted to engage in a "real estate-related transaction" with the

defendants; (3) the defendants refused to engage in the transaction despite

the plaintiff's qualifications; and (4) the defendants continued to engage in

that type of transaction with other parties outside of the plaintiff's class

with similar qualifications. *Id.* at 625. "To avoid dismissal, a plaintiff's

complaint must provide enough factual matter (taken as true) to suggest

intentional discrimination." *Id.* (internal quotation marks and ellipses

omitted).

Stefanowicz simply has not alleged sufficient facts to support a claim

of discrimination under the FHA. In her pleadings, Stefanowicz has

alleged that she is female and a parent with a minor child,[11] but she has failed to allege facts from which we might draw the reasonable inference that she was denied a loan modification *because of* her membership in a protected class. *See id.* (plaintiff alleged that she was a 63 year-old Hispanic woman and that she was denied a loan modification, but no facts to suggest a causal link); *see also Shahin v. PNC Bank*, 625 Fed. App'x 68, 70–71 (3d Cir. 2015) (per curiam) (allegation of defendant's awareness of the plaintiff's national origin alone insufficient to support inference of discrimination); *Wolf v. Bank of Am., N.A.*, Case No. 4:13CV212, 2014 WL 12633677, at *6 (E.D. Tex. Sept. 30, 2014) ("Plaintiffs' subjective belief that Defendant discriminated against them on the basis of disability, without specific facts of disability as a motivation, is insufficient to maintain a claim of discrimination."). Moreover, Stefanowicz has not alleged how the defendants treated her differently than any similarly situated person outside her protected classes. *See Sanders v. PFG Mortg.*

---

[11] She has also alleged that she is a natural-born United States citizen, a Caucasian, and not disabled, but none of these qualities places her in a protected class under the FHA. She has also referenced her age, without providing her actual age or an age range, and her status as a non-veteran, but neither of these categories is material to the FHA's anti-discrimination provision.

*Tr. I*, No. 11-CV-13884, 2012 WL 666799, at *3 (E.D. Mich. Feb. 29, 2012);

*Powell v. Am. Gen. Fin., Inc.*, 310 F. Supp. 2d 481, 489 (N.D.N.Y. 2004).

Finally, she has not alleged that she was qualified for the sought-after

loan modification—indeed, it is clear from her pleadings that she has been

in default on her mortgage loan since August 2014 or earlier. *See Molina*,

635 Fed. App'x at 626.

Accordingly, we recommend that the plaintiff's FHA claim be

dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

### E. State-Law Claims

Stefanowicz has alluded to several additional state-law causes of

action. But where a district court has dismissed all claims over which it

had original jurisdiction, the Court may decline to exercise supplemental

jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the

Court will exercise supplemental jurisdiction is within its discretion. *Kach*

*v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on

"the values of judicial economy, convenience, fairness, and comity."

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily,

when all federal law claims have been dismissed and only state-law claims

remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. Therefore, it is recommended that Burrell's state-law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## F. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). It is clear that any amendment concerning the plaintiff's TILA and HOEPA claims would be futile, as these claims are barred by the doctrine of res judicata and by applicable statutes of limitations and repose. It is clear that any amendment concerning RESPA, ECOA, or FHA claims arising out of the origination of the plaintiff's 2007 mortgage loan are likewise futile for the same reasons. It is not so clear, however, that amendment would be futile or inequitable with respect to RESPA, ECOA,

or FHA claims arising out of the plaintiff's attempts to obtain a loan modification or an extended forbearance agreement in 2014 and 2015. It is therefore recommended that Stefanowicz be granted leave to file an amended complaint within a specified time period following partial dismissal of the amended complaint, subject to the provision that such amended complaint omit any claims arising out of events that occurred prior to dismissal of her 2010 lawsuit on July 20, 2011.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.      The defendants' motions to dismiss (Case No. 368, Docs. 13, 22; Case No. 374, Docs. 9, 15) be **GRANTED**;

2.      All of the plaintiff's federal claims (TILA, HOEPA, RESPA, ECOA, and FHA) set forth in the two complaints filed in this consolidated action (Case No. 368, Doc. 1; Case No. 374, Doc. 1) be **DISMISSED** as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure;

3.      All of the plaintiff's state-law claims be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3);

4.     The plaintiff be granted leave to file a curative amendment within a specified time period after dismissal of the complaint, subject to the provision that such amended complaint omit any claims arising out of events that occurred prior to dismissal of her 2010 lawsuit on July 20, 2011;

5.     The Clerk be directed to **CLOSE** this case if an amended complaint is not timely filed; and

6.     This matter be remanded to the undersigned for further proceedings, if any.

Dated: January 9, 2017                    *s/ Joseph F. Saporito, Jr.*
                                          JOSEPH F. SAPORITO, JR.
                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

JACKIE STEFANOWICZ,

       Plaintiff,

       v.

SUNTRUST MORTGAGE, et al.,

       Defendants.

CIVIL ACTION NOS. 3:16-cv-00368,
3:16-cv-00374

(CAPUTO, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated January 9, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: January 9, 2017                    ***s/ Joseph F. Saporito, Jr.***
                                          JOSEPH F. SAPORITO, JR.
                                          United States Magistrate Judge