**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACKIE STEFANOWICZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:16-cv-00368 |
| v. | (JUDGE CAPUTO) |
| SUNTRUST MORTGAGE et al., | (MAGISTRATE JUDGE SAPORITO) |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is the Report and Recommendation of Magistrate Judge Saporito (Doc. 32) to a Motion to Dismiss (Case No. 368, Doc. 13; Case No. 374, Doc. 9) filed by Defendant SunTrust Mortgage, Inc. ("SunTrust") and a Motion to Dismiss (Case No. 368, Doc. 22; Case No. 374, Doc. 15) filed by Defendant Specialized Loan Serving, LLC ("SLS"). Plaintiff Jackie Stefanowicz, proceeding *pro se* and *in forma pauperis*, brings this consolidated action pursuant to, *inter alia*, the Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Fair Housing Act ("FHA"), and the Equal Credit Opportunity Act ("ECOA"). (*See* Case No. 368, Doc. 1; Case No. 374, Doc. 1.) Magistrate Judge Saporito recommended that the Court grant Defendants' Motions to Dismiss, dismiss Plaintiff's federal-law claims as either frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3). For the reasons that follow, the Magistrate Judge's Report and Recommendation will be adopted in its entirety.

**I. Background**

On February 9, 2007, Plaintiff Jackie Stefanowicz took out a mortgage from Defendant SunTrust on a home located at 311 New Street, Duryea, Pennsylvania. The

mortgage instrument was duly recorded in the Luzerne County Recorder of Deeds Office on April 9, 2007.

On June 25, 2010, Stefanowicz filed a complaint in *Stefanowitz v. SunTrust Mortgage, Inc.*, Civil Action No. 3:10-cv-01321 (M.D. Pa.),[1] in which she made substantially similar factual allegations regarding the origination and servicing of her mortgage loan. On April 27, 2011, a magistrate judge issued a Report that recommended the Court dismiss the Truth in Lending Act ("TILA") claim as time-barred under the applicable statute of limitations, the Fair Credit Reporting Act ("FCRA") claim for failure to state a claim, and the Home Mortgage Disclosure Act ("HMDA") claim and state-law claims for lack of federal subject matter jurisdiction. On July 20, 2011, the Court adopted the Report and dismissed the action.

On January 5, 2015, SunTrust assigned the mortgage to Defendant SLS. The assignment instrument was duly recorded in the Luzerne County Recorder of Deeds Office on January 26, 2015.

On March 1, 2016, Stefanowicz filed two separate Complaints, which were docketed by the Clerk as Civil Action No. 3:16-cv-00368 ("Case No. 368") and Civil Action No. 3:16-cv-00374 ("Case No. 374"), respectively. Both Complaints named SunTrust and SLS as Defendants, and both concerned the origination and servicing of the mortgage on the home at 311 New Street, Duryea, Pennsylvania. The Magistrate Judge exercised his discretion to consolidate the two actions pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure.[2]

---

[1] Plaintiff's last name appears to have been misspelled inadvertently in the prior action.

[2] Because the two cases were consolidated, the Court's citations to docket entries herein refer to Case No. 368 unless otherwise specified.

2

In the Case No. 368 Complaint, Stefanowicz asserted claims against the Defendants under TILA, HOEPA, and RESPA, as well as state-law claims of predatory lending practices, an unconscionable mortgage agreement, intentional infliction of emotional distress, negligence, and unjust enrichment. Specifically, Stefanowicz alleged that Defendants failed to cooperate in her efforts to secure a loan modification or to extend a forbearance agreement, failed to properly credit her escrow account for expenses that she paid directly, and reported inaccurate credit information about her to national credit bureaus.

In the Case No. 374 Complaint, Stefanowicz alleged that Defendants' same conduct constituted discrimination in violation of the FHA and ECOA. In particular, Stefanowicz alleged that Defendants discriminated against her due to her financial status (poverty), her familial status (a family with a child under the age of 18), her gender (female), her national origin (natural-born United States citizen), her race (Caucasian), her age (unspecified), and the fact that she is neither a military veteran nor disabled. Additionally, Stefanowicz alleged that, on multiple occasions, she was forced to speak with someone at SunTrust who "could barely speak English."

Stefanowicz alleged that, in August 2014, following a period of unemployment, she entered into a three-month forbearance agreement with SunTrust with the understanding that, if she continued to have financial difficulties, the forbearance period could be extended or her loan payment terms could be modified. She further alleged that when she later sought to obtain such additional relief from her mortgage payment obligations, SunTrust failed to return her telephone calls or, when she was able to speak with customer service representatives on the phone, provide her with the forbearance or loan modification application forms she requested. After the mortgage loan was assigned to SLS, Stefanowicz entered into a three-month agreement with SLS under which she made three payments of approximately $500 per month toward her mortgage loan arrears in September, October,

and November 2015. When she attempted to contact SLS to extend this arrangement and obtain a new monthly payment amount, SLS failed to return her calls. Stefanowicz claims that, on multiple occasions, she returned home to find notices affixed to her front door advising her that someone had been on the property and directing her to contact SLS. Each time this occurred, she called SLS and left a voicemail message, apparently without any response from SLS.

In February 2016, when Stefanowicz investigated a possible refinance loan with another mortgage lender, she learned that her credit report indicated that her mortgage was approximately $1000 past due, an allegedly inaccurate figure. In addition, on multiple, unspecified occasions, Defendants allegedly advised Stefanowicz's homeowner's insurance carrier that her home was unoccupied, which was untrue, potentially jeopardizing her ability to maintain insurance coverage as required by the mortgage agreement.

## II. Legal Standard

### A. Reviewing a Report & Recommendation

When objections to the Magistrate Judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). However, this only applies to the extent that a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). Indeed, the Third Circuit has instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Id.* at 7. In conducting a *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. §

636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).

Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa.1994). Uncontested portions of the Report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). Therefore, the Court reviews the portions of the Report & Recommendation to which the petitioner objects specifically *de novo*. The remainder of the Report & Recommendation, and any portion the petitioner objects to generally, is reviewed for clear error.

**B. 12(b)(6) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

5

(per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998

F.2d 1192, 1196 (3d Cir. 1993)). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### III. Discussion

On January 9, 2017, Magistrate Judge Saporito issued the instant Report and Recommendation ("R&R") (Doc. 32), recommending Defendants' Motions be granted. On January 25, 2017, Stefanowicz filed her Objections to the R&R. (Doc. 33.) SunTrust and SLS each filed a Brief in Opposition to Stefanowicz's Objections on February 8, 2017. (Docs. 34 & 35.) The matter is now ripe for disposition.

Because Stefanowicz fails to raise any specific objections to the R&R, and because the Court finds no clear error or manifest injustice, the R&R will be adopted in its entirety.

**A.    Stefanowicz's Objections Do Not Merit *De Novo* Review**

In its Brief in Opposition, SLS argues correctly that Stefanowicz's Objections fail to identify any specific portion of the R&R to which she disagrees. (*See* Doc. 34, at 4.) Indeed, Stefanowicz has pointed to no relevant fact that the Magistrate Judge overlooked or misstated and has not challenged any of the Magistrate Judge's legal conclusions. *See Cabrera-Diaz v. Penn Kidder Campus Jim Thorpe Area Sch. Dist.*, No. 3:08-CV-2192, 2011 WL 613383, at *3 (M.D. Pa. Feb. 11, 2011); *see also* L.R. 72.3 (requiring objections to a magistrate judge's R&R to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the

basis for such objections"). Even when construed liberally, Stefanowicz's Objections are either general and conclusory, (*see* Objections 1 ("[B]oth complaints are not frivolous in nature.")), or simply fail to address the R&R. Accordingly, the Court will review the R&R for clear error or manifest injustice.

**B.     TILA and HOEPA Claims**

Magistrate Judge Saporito recommended the Court dismiss Stefanowicz's TILA and HOEPA claims as both frivolous and malicious because any claims arising out of these statutes are barred by the doctrine of *res judicata* and by the applicable statutes of limitation and repose. (R&R 12.) The Court finds no clear error or manifest injustice with the Magistrate Judge's findings or analysis. The Magistrate Judge applied the appropriate factors of federal-law claim preclusion, *see Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991), and correctly noted that *in forma pauperis* claims barred by *res judicata* are properly dismissed as both frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gibson v. Pa. Pub. Utils. Comm'n*, No. 1:15-cv-00855, 2015 WL 3952777, at *4 (M.D. Pa. June 18, 2015).

Furthermore, the Magistrate Judge appropriately noted that a court may *sua sponte* dismiss a time-barred complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if "that defense is obvious from the face of the complaint and no development of the record is necessary . . . ." *Boatin v. Commonwealth Court of Pa.*, No. 1:14-CV-1007, 2015 WL 1333320, at *2 (M.D. Pa. Mar. 25, 2015). Accordingly, the Magistrate Judge found that Stefanowicz's TILA and HOEPA claims are also time-barred, as her instant Complaints were filed more than nine years after she entered into the mortgage loan agreement on February 9, 2007. The Court finds no clear error or manifest injustice with respect to this conclusion.

Therefore, the Court will adopt the Magistrate Judge's Recommendation and will dismiss Stefanowicz's TILA and HOEPA claims as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**C.     RESPA Claim**

The Magistrate Judge recommended the Court dismiss Stefanowicz's RESPA claim for failure to state a claim upon which relief can be granted. The Magistrate Judge concluded that Stefanowicz failed to allege that she sent either Defendant a "qualified written statement" or that she suffered actual damages from Defendants' alleged failure to respond to her inquiries. (R&R 19-20.) The Magistrate Judge further determined that Stefanowicz's RESPA claim with respect to her allegation that Defendants failed to properly credit her escrow account falls outside the scope of 12 U.S.C. § 2605(g) because she does not allege a failure to timely pay any expenses from her escrow account or a failure to timely refund any remaining balance after she paid off her loan. (*Id.* at 21.) Moreover, Stefanowicz again fails to identify a qualified written statement concerning the proper calculation of the escrow account. (*Id.*) The Court finds no clear error or manifest injustice with respect to these conclusions.

The Magistrate Judge additionally concluded that, to the extent Stefanowicz intended to allege a RESPA violation arising out of the origination of her mortgage loan in 2007, any such claims are barred by the applicable three-year statute of limitations and by the doctrine of *res judicata*. (R&R 17 n.6.) The Court finds no clear error or manifest injustice with respect to this conclusion.

Accordingly, the Court will adopt the Magistrate Judge's Recommendation and will dismiss Stefanowicz's RESPA claim for failure to state a claim.

**D.    ECOA Claim**

The Magistrate Judge found that Stefanowicz failed to state an ECOA claim because her Complaints failed to plausibly allege that she: was an "applicant" within the meaning of the Act, suffered from an "adverse action" as defined by 15 U.S.C. § 1691(d)(6), was denied credit despite being qualified to receive it, or was denied credit due to a discriminatory reason. (R&R 22-23.) The Court finds no clear error or manifest injustice with respect to these conclusions.

The Magistrate Judge further determined that, to the extent Stefanowicz intended to allege an ECOA violation arising out of the origination of her mortgage loan in 2007,

any such claims are barred by the applicable five-year statute of limitations and by the doctrine of *res judicata*. (R&R 21-22 n.7.) The Court finds no clear error or manifest injustice with respect to this conclusion.

Accordingly, the Court will adopt the Magistrate Judge's Recommendation and will dismiss Stefanowicz's ECOA claim for failure to state a claim.

**E.    FHA Claim**

The Magistrate Judge concluded that Stefanowicz failed to state an FHA claim because her Complaints failed to allege sufficient facts to support a claim of discrimination. (R&R 25.) Specifically, the Magistrate Judge found that Stefanowicz failed to plausibly allege that she was denied a loan modification because of her membership in a protected class, that Defendants treated her differently than a similarly-situated person outside of her protected class, or that she was qualified for the loan modification which she sought. The Court finds no clear error or manifest injustice with respect to these conclusions.

The Magistrate Judge also found that, to the extent Stefanowicz intended to allege an FHA violation arising out of the origination of her mortgage loan in 2007, any such claims are barred by the applicable two-year statute of limitations and by the doctrine of *res judicata*. (R&R 24 n.10.) The Court finds no clear error or manifest injustice with respect to this conclusion.

Accordingly, the Court will adopt the Magistrate Judge's Recommendation and will dismiss Stefanowicz's FHA claim for failure to state a claim.

**F.    State-Law Claims**

The Magistrate Judge noted that Stefanowicz "alluded to several additional state-law causes of action." (R&R 27.) Because the R&R found that all of Stefanowicz's federal-law claims should be dismissed, the Magistrate Judge recommended the Court decline to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). (*Id.*) The Court agrees and will adopt the Magistrate Judge's recommendation to dismiss Stefanowicz's state-law claims without prejudice.

### G.     Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to a 12(b)(6) dismissal, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)). Here, because Stefanowicz's TILA and HOEPA claims are barred by the doctrine of *res judicata* and by the applicable statutes of limitation and repose, any amendment concerning these claims would be futile. Additionally, because any claim brought under RESPA, ECOA, or FHA that arises out of the origination of Stefanowicz's mortgage loan in 2007 are barred for the same reasons, any amendment concerning such claims would likewise be futile. Accordingly, the Court will adopt the Magistrate Judge's Recommendation and dismiss with prejudice Stefanowicz's TILA and HOEPA claims, as well as her RESPA, ECOA, and FHA claims that arise out of the origination of Stefanowicz's 2007 mortgage loan.

However, because it is not certain that an amendment would be futile with respect to a claim brought under RESPA, ECOA, or FHA that arises out of Stefanowicz's attempts to obtain a loan modification or an extended forbearance agreement in 2014 or 2015, the Court will grant Stefanowicz leave to file an amended complaint with respect to these claims. Stefanowicz shall have twenty-one (21) days from the date of entry of this Memorandum and accompanying Order to file an amended complaint that properly pleads a RESPA, ECOA, and/or FHA claim that arises out of her attempts to obtain a loan modification or an extended forbearance agreement in 2014 or 2015; otherwise, these claims will be dismissed with prejudice.

### IV. Conclusion

For the above stated reasons, the Court will adopt the R&R (Doc. 32) in its entirety, grant Defendants' Motions to Dismiss (Case No. 368, Docs. 13 & 22; Case No. 374, Docs. 9 & 15), and dismiss Stefanowicz's state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate order follows.

March 22, 2016  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge